### IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS
No. 10-212V
Filed: January 17, 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
HOWARD SHEARD and PHILLIPA   \*
SHEARD, biological parents and   \*
guardians of the minor child, H.L.S., III   \*
         Petitioners,   \*   Failure to Prosecute; Failure to
                              \*   Follow Court Orders; Dismissal
         v.   \*
                              \*
SECRETARY OF HEALTH AND   \*
HUMAN SERVICES   \*
         Respondent.   \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### **DECISION**[1]

**VOWELL,** Chief Special Master:

On April 7, 2010, Howard Sheard and Phillipa Sheard ["petitioners"] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"], on behalf of their minor son, H.L.S., III ["HLS"]. They filed the petition as *pro se* petitioners.

On May 28, 2010, attorney Thomas Gallagher moved to substitute in as petitioners' counsel. He filed an amended petition, on behalf of petitioners, on November 19, 2010. Between August and November 2010, petitioners filed 25 exhibits containing medical records. Respondent filed her Rule 4(c) Report on January 18, 2011.

On August 4, 2011, Mr. Gallagher filed a status report conveying that he would

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

be withdrawing from the case and that petitioners were in the process of locating another attorney. A formal Motion to Withdraw was filed by Mr. Gallagher on November 2, 2011, and was granted on November 9, 2011.

On March 5, 2012, the special master then assigned to this case[3] conducted a status conference and gave petitioners 60 days in which to identify an expert medical witness. Order, issued March 13, 2012. On May 9, 2012, following another status conference, petitioners were ordered to file a medical expert report by July 6, 2012. Order, issued May 9, 2012.

On June 29, 2012, petitioners reported that HLS had an appointment on August 10, 2012, with a potential medical expert, Dr. Hugh Sampson, and made an oral motion for an enlargement of time to file their medical expert report. On July 5, 2012, petitioners were granted an extension of time until August 31, 2012.

During a status conference held on July 17, 2012, petitioners' August 31, 2012 deadline for submitting a medical expert report was suspended, and instead the special master ordered another status conference be convened in 30 days to discuss whether Dr. Sampson agreed to serve as petitioners' expert. Order, issued July 18, 2012. Because petitioners had requested assistance in collecting medical records, they were also instructed to send a list of medical providers to respondent's counsel. *Id.*

On September 5, 2012, an Order to Show Cause was issued. The order summarized the procedural history of this case, the discussions which occurred during a status conference held on August 28, 2012, and stressed the need to file an expert report. Petitioners were ordered to file a medical expert report by October 29, 2012. Additionally, petitioners were reminded to send the contact information for HLS's medical providers to respondent's counsel.

After receiving the providers' contact information, respondent moved for subpoena authority on October 9, 2012. Respondent's motion was granted on October 15, 2012. In light of the record collection effort, the October 29, 2012 show cause deadline was vacated. Order, issued Nov. 29, 2012. Between January and May 2013, respondent filed the records received in response to their subpoenas as exhibits A-G. Respondent filed a supplemental Rule 4(c) Report on June 21, 2013.

On August 14, 2013, petitioners stated in a status conference that they wished to continue proceeding with their claim and were in discussions with an attorney to find an expert witness. Petitioners were ordered to make all efforts possible to retain an expert and locate an attorney. Additionally, another status conference was scheduled for October 23, 2013. Order, issued Aug. 15, 2013.

---

[3] Since its filing in 2010, three special masters have presided over this case. It was initially assigned to Special Master Lord. On September 10, 2012, it was reassigned to Special Master Zane, and on September 6, 2013, it was reassigned to me.

This case was assigned to me on September 6, 2013. On October 23, 2013, I held the previously scheduled status conference to discuss the progress petitioners had made in locating an attorney to represent them and finding an expert to opine in this case. Petitioners indicated that they had contacted their prior counsel, Mr. Gallagher, and believed he would soon be filing a Motion to Substitute as Petitioners' Counsel. Pursuant to our discussions at the status conference, and with the consent of both parties, following the status conference my law clerk has contacted Mr. Gallagher to confirm his intention to represent petitioners in this matter. He indicated that he had been reviewing the case, but had decided not to become involved again in the case.

Petitioners were ordered to file an expert report supporting their assertions that HLS suffered a vaccine-caused injury by January 3, 2014. Order, issued Oct. 24, 2013. As had been discussed during the status conference, my order noted that given the time already afforded to petitioners to obtain an expert report by Special Masters Lord and Zane, I would only grant an extension request if it was accompanied by a motion from an attorney to substitute in as petitioners' counsel or a statement from an expert indicating that he or she was working on a report.

I. Failure to Prosecute.

It is petitioners' duty to respond to court orders. To date, petitioners have not complied with my October 24, 2013 order. They have neither filed their medical expert report nor requested additional time.

Petitioners have previously been informed that a failure to follow court orders, as well as failure to file medical records or an expert medical opinion, shall result in dismissal of petitioners' claim. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

II. Causation in Fact.

To receive compensation under the Program, petitioners must prove either 1) that HLS suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that HLS suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Under the Vaccine Act, a special master cannot find that petitioners have proven their case by a preponderance of the evidence based upon "the claims of petitioners alone, unsubstantiated by medical records or by medical opinion." § 13(a).

Petitioners have failed to file sufficient medical records or other evidence in this case. An examination of the case record did not uncover any evidence that HLS suffered a "Table Injury." Further, the record does not contain a medical opinion or any other persuasive evidence indicating that HLS's injury was vaccine-caused.

Accordingly, it is clear from the record in this case that petitioners have failed to demonstrate either that HLS suffered a "Table Injury" or that HLS's injuries were "actually caused" by a vaccination.

**This case is dismissed for insufficient proof and for failure to prosecute. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　**Denise K. Vowell**
　　　　　　　　　　　　　　　　　　　　　　　　　Chief Special Master